**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JOE ALTER**., | |
| *Plaintiff,* | |
| **v.** | **Case No. 1:25-cv-2573-RCL** |
| **UNITED STATES OF AMERICA**, *et al.,* | |
| *Defendants.* | |

### MEMORANDUM OPINION

Plaintiff Joe Alter filed this *pro se* suit against the United States of America, the Judicial Conference of the United States, and the Administrative Office of the U.S. Courts, objecting to the existence of the doctrine of standing developed in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), as it applies to structural constitutional claims.  The challenge comes after Plaintiff, a frequent *pro se* litigant, has had several suits dismissed on standing grounds in this Court and in others.  *See, e.g.*, *Alter v. U.S. Dep't of Gov't Efficiency*, No. 1:25-cv-1162, 2025 WL 1279354 (D.D.C. May 3, 2025), *aff'd*, No. 25-5172, 2025 WL 2463705 (D.C. Cir. Aug. 27, 2025).  Plaintiff now seeks a series of judicial declarations stating that structural constitutional claims should not be dismissed on standing grounds before they are adjudicated on the merits, as well as a specific declaration that dismissal of Plaintiff's previous suits "demonstrate[s] a systemic misuse of standing doctrine." Compl. at 15–17.  Defendants move to dismiss the complaint, arguing that this Court lacks subject-matter jurisdiction because Plaintiff's complaint fails to establish Article III standing.[1]  For the reasons that follow, Defendants' Motion is **GRANTED**.

---

[1] Defendants state in their Motion to Dismiss that they are moving pursuant to Federal Rule of Civil Procedure 12(b)(6), but their filing plainly seeks dismissal for lack of standing.  Mot. to Dismiss at 1.  However, it is clearly established that a challenge to the standing of a party, when raised as a motion to dismiss, proceeds pursuant to Rule

## I.    LEGAL STANDARD

A challenge to the standing of a party, when raised as a motion to dismiss, proceeds pursuant to Rule 12(b)(1). *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing." *Strunk v. Obama*, 880 F. Supp. 2d 1, 3 (D.D.C. 2011) (first citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998), and then citing *Lujan*, 504 U.S. at 560). To establish Article III standing, a plaintiff must demonstrate (1) a concrete injury in fact that is (2) traceable to the complained-of conduct, and (3) redressable by the relief sought. *See Lujan*, 504 U.S. at 560–61. "[T]he requirement that courts liberally interpret pro se pleadings does not dispense with the constitutional requirement of standing." *Strunk*, 880 F. Supp. 2d at 3.

## II.    DISCUSSION

Defendants contend that Plaintiff has not plausibly alleged facts to establish standing; rather, they contend that he presses an "undifferentiated, generalized grievance" about the very existence of the standing doctrine. Mot. to Dismiss at 3 (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)). The Court agrees.

To establish the first element of Article III standing, "injury in fact," a plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citation omitted). Here, Plaintiff has not shown an invasion of a legally protected interest that is particular to him. Though he points to several of his own previous lawsuits that were dismissed for lack of standing, his complaint is that the doctrine of standing is unconstitutional because it prevents *all* citizens from

---

12(b)(1). *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). That's because standing is a jurisdictional matter and "a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Johnson v. District of Columbia*, 71 F. Supp. 3d 155, 158 (D.D.C. 2014) (citation omitted). For this reason, the Court construes Defendants' motion as one raised under Rule 12(b)(1).

bringing structural constitutional claims. *See* Compl. at 2–3. The Supreme Court has previously foreclosed this argument: a "litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws . . . does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (quoting *Lujan*, 504 U.S. at 573–74). Because Plaintiff fails to present a personalized injury in his Complaint or in his Opposition to the Motion to Dismiss (where he instead relies on the argument that "[t]he Constitution does not condition judicial review of alleged constitutional violations on a showing of personal tragedy," Opp'n at 14), the Court finds that Plaintiff has not established Article III standing.

### III.    CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss is **GRANTED** and the case is **DISMISSED**.

**IT IS SO ORDERED.**

Date: _____3-30-26_____

Royce C. Lamberth
United States District Judge

3