UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE ALTER,

*Plaintiff,*

v.

UNITED STATES OF AMERICA, et al.,

*Defendants.*

**Case No. 1:25-CV-2573-RCL**

## MEMORANDUM OPINION

Plaintiff Joe Alter filed this *pro se* suit against the United States, the Judicial Conference of the United States, and the Administrative Office of the U.S. Courts, challenging current standing doctrine. *See Alter v. United States*, No. 25-cv-2573, 2026 WL 879289, at *1 (D.D.C. Mar. 30, 2026). Specifically, Plaintiff argued that "structural constitutional claims should not be dismissed on standing grounds before they are adjudicated on the merits." *Id.* The Court dismissed the case pursuant to Federal Rule 12(b)(1) because Plaintiff had not adequately alleged Article III standing. *Id.* at *2.

Plaintiff now moves for reconsideration, arguing that the Court misunderstood his argument. Pl.'s Mot. for Recons., ECF No. 23, at 2 ("Pl.'s Mot."). Defendants oppose. Defs.' Resp., ECF No. 24. For the reasons stated herein, Plaintiff's motion will be denied.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize three means of seeking reconsideration. *See Ali v. Carnegie Institution of Washington*, 309 F.R.D. 77, 80 (D.D.C. 2015). Plaintiff filed his motion within 28 days of dismissal, *see* Pl.'s Mot. (filed one day after dismissal), so the Court

understands Plaintiff to invoke Federal Rule 59(e). *See Ali*, 309 F.R.D. at 80 ("Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of the entry of that judgment.") (citing Fed. R. Civ. P. 59(e)).

Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004).

**II. ANALYSIS**

Plaintiff argues that the Court misunderstood his original claim. Pl.'s Mot. at 2 ("To the extent the Court understood Plaintiff to object to standing doctrine in the abstract, that is not Plaintiff's position."); *see also Munoz v. Bd. of Trs. of Univ. of the D.C.*, 730 F. Supp. 2d 62, 66 (D.D.C. 2010) (discussing a plaintiff's argument that factual and legal mistakes by the court justified reconsideration).

That is not a new argument. Plaintiff's argument is still that "where constitutional revision is increasingly attempted by fiat, the fiat itself is enough to give a citizen reasonable cause to seek judicial intervention before the harm is done." Pl.'s Reply, ECF No. 25, at 3. He further explains his grievance as follows: "[T]he executive may, through executive orders, inject constitutional harm into governance, while a citizen must wait for personal damages before challenging that harm case by case . . . ." *Id.* at 2. On Plaintiff's theory, then, a plaintiff should be able to challenge executive action before they have been harmed.

But the Supreme Court has been quite clear on the matter. "Article III of the Constitution confines the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Food & Drug Admin.*

*v. All. for Hippocratic Med.*, 144 S. Ct. 1540, 1554 (2024). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Rained v. Byrd*, 521 U.S. 811, 819 (1997)).

The "personal" element is fundamental. "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . .'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (citing *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979)); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (collecting cases).

The law of standing therefore firmly rejects Plaintiff's position that a plaintiff may invoke the Court's subject-matter jurisdiction without experiencing "personal damages." Pl.'s Reply at 2; *see also id.* at 3 (arguing that a plaintiff should be able to seek "judicial intervention before the harm is done"). And Plaintiff's argument that in "a complaint seeking no damages or punishment, the court may be invoked to declare whether" such action is consistent with "the meaning of the law and the Bill of Rights," *id.* at 3, is in tension with Declaratory Judgment Act jurisprudence, *see Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("It is a 'well-established rule that the Declaratory Judgment Act "is not an independent source of federal jurisdiction." Rather, "the availability of [declaratory] relief presupposes the existence of a judicially remediable right."'") (alterations in original) (quoting *C & E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002)).

To the extent that Plaintiff contests the timeframe within which a plaintiff can challenge an alleged injury, *see* Pl.'s Reply at 2 (arguing that current law allows "executive action first, judicial

review only later if standing can be found"), the Court observes that a plaintiff can sufficiently an injury in fact before it actually occurs so long as they demonstrate that the injury is "certainly impending." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990). Even then, though, the injury must be personal to the plaintiff. *See Lujan v. Defs. of Wildlife*, 504 U.S. 563–64 (1992).

The Court therefore concludes that Plaintiff has not carried his burden of establishing that reconsideration is warranted. *See Ali*, 309 F.R.D. at 81 ("[T]he party seeking reconsideration bears the burden of establishing that such relief is warranted under the circumstances." (citing *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011))).

## III. CONCLUSION

Because Plaintiff has not met the high bar required for reconsideration, *see id.* at 80–81, the Court will deny his motion. Plaintiff's remaining motions for leave to file material in support of his motion will be granted.

An Order accompanying this Memorandum Opinion shall issue.

Date: 9 October, 2026

Royce C. Lamberth
Hon. Royce C. Lamberth
United States District Judge